IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARWIN McWILLIAMS ) | CASE NO. 3:08 CV 2204 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE ZOUHARY |
| v. ) | |
| ) | MAGISTRATE JUDGE McHARGH |
| MICHAEL J. ASTRUE, ) | |
| Commissioner ) | |
| of Social Security, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case is before the Magistrate Judge pursuant to Local Rule.  On September 16, 2008, Plaintiff filed a complaint in the district court seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §1381 *et seq*.  The Magistrate Judge issued a Report and Recommendation on September 24, 2009 finding that it was "appropriate to remand so that the impact of Plaintiff's visual limitations on his ability to perform sedentary work can be evaluated."  (Doc. 30, at 20).  On November 13, 2009, the Court adopted the Magistrate Judge's Report and Recommendation and remanded this case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 32).  Plaintiff Darwin McWilliams timely filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) on February 11, 2010.  (Doc. 34).  The Commissioner

of Social Security ("Commissioner") filed a response to Plaintiff's motion on February 25, 2010, requesting that the Court deny Plaintiff's motion or, in the alternative, reduce the amount of any fees awarded to a "reasonable amount." (Doc. 35).  On March 11, 2020, Plaintiff filed a reply in support of his motion for fees.  (Doc. 36).

For the reasons set forth below, the Court recommends that the Plaintiff's motion for attorney's fees under the EAJA be GRANTED, and that Plaintiff be awarded fees in the full amount of $4,882.51.

## II.  EAJA STANDARD

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust.  *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004), *quoting* *Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004); *see also* 28 U.S.C. §2412(d)(1)(A).  The party seeking attorney's fees bears the burden of proving that he is an eligible and prevailing party, while the Commissioner must prove that the government's position was "substantially justified."  The party seeking fees also bears the burden of showing that the fees requested are reasonable under the circumstances.

## III.  LAW AND ARGUMENT

It is undisputed that Plaintiff is an eligible and prevailing party.  However, the Commissioner argues that the government's position in this case was substantially justified and that Plaintiff therefore is not entitled to attorney's fees under the EAJA.  The Commissioner argues, in the alternative, that any fees awarded to Plaintiff should be reduced because the amount that Plaintiff

claims is unreasonable. The court addresses each of these arguments below.

### A. Whether the Government's Position Was Substantially Justified

In support of his argument that the Government's position was substantially justified, the Commissioner points, in part, to the Magistrate Judge's finding that substantial evidence supported a number of the ALJ's determinations. The Magistrate Judge does not find this argument persuasive in this case. Just as a court's finding that the ALJ did not err with regard to most issues will not save a case from remand if the court finds that the ALJ *did* commit reversible error with regard to one issue, a substantially justified position on most grounds does not necessarily make the government's position substantially justified as to the whole of the case. Moreover, the Commissioner cites no authority to support such a proposition. The Commissioner also argues that Plaintiff's "vague and conclusory allegations" as to why the Government's position was not substantially justified are without merit. The court notes, however, that it is the Commissioner's burden – not Plaintiff's burden – to show that the Government's position was substantially justified.

Finally, the Commissioner argues that the government's position was substantially justified even as to the issue that the court found required remand. The Commissioner states that although he:

> respects the Court's finding that the ALJ did not fully consider the assessment of Dr. Orjel . . . . the fact that the ALJ was deficient in analyzing that specific assessment does not automatically render the decision of the ALJ unreasonable, especially given the fact that the ALJ gave careful consideration to [] Dr. Mack's consultative examination and Dr. Furrichia's treatment notes and their objective findings with respect to Plaintiff's vision . . . as well as the many other factors raised by Plaintiff's claims of disability.

The Commissioner also claims that the ALJ gave "reasonable (if not ultimately persuasive) reasons for finding that Plaintiff did not have a severe visual impairment." However, the court is

unpersuaded by this argument. First, the Commissioner's argument does not amply take into consideration the full basis for the Magistrate Judge's recommendation of remand. The court did note in making its recommendation that the ALJ was deficient in analyzing Dr. Orjel's assessment. Specifically, the court concluded based on the ALJ's written decision that the ALJ appears to have "lifted from Dr. Orgel's assessment only the portions that tend to support his determination that Plaintiff does not have a severe vision impairment and conveniently ignored other portions that may support a contrary conclusion." (Doc. 30, at 19). The court then noted that:

> [a]lthough an ALJ need not mention every piece of evidence in the record, *see Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-08 (6th Cir. 2006), the ALJ cannot simply pick and choose evidence in the record to support his conclusion, *see Mickens v. Astrue*, 2008 WL 5501145 at * (N.D. Ohio Sept. 26, 2008); *see also Wilt v. Astrue,* 2008 WL 2783497 at *6 (S.D. Ohio Jul. 15, 2008) (quoting *Loza v. Comm'r of Soc. Sec.*, 219 F.3d 378, 393 (5th Cir. 2000) ("ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position.")).

(Id.). Notably, selective consideration of the evidence has been grounds in other cases for finding that the Government's position was not substantially justified. *See Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge is without substantial justification.").

However, the court ultimately recommended remand not simply because the ALJ failed to fully consider Dr. Orgel's assessment, but because the ALJ failed to consider Plaintiff's visual limitations at all beyond step two, and because this failure resulted in uncertainty as to the ultimate disability determination. Although the step two "severe impairment" hurdle has been characterized

as "de minimis," an ALJ's error at step two is harmless only if the ALJ continues on to address "all of the claimant's impairments in determining her residual functional capacity" *Swartz v. Barnhart, 188 Fed.Appx. 361, 368, 2006 WL 1672086, at \*6 (6th Cir. Jul. 13, 2006)*. Furthermore, SSR 96-6p provides regarding visual limitations:

> Visual limitations or restrictions: Most sedentary unskilled occupations require working with small objects. If a visual limitations prevents an individual from seeing the small objects involved in most sedentary unskilled work, or if an individual is not able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles, there will be a significant erosion of the sedentary occupational base. These cases may require the use of vocational resources.

In this case, because the ALJ dispensed with Plaintiff's alleged visual impairment at step two, the ALJ also did not include any visual limitations in his hypothetical to the VE or in his ultimate RFC assessment. Yet, Dr. Orgel's report indicates that Plaintiff would experience multiple work-related limitations due to his right eye problems. The court found that Dr. Orgel's report was of particular importance because the extent of Plaintiff's current visual limitations with correction was unclear from the record. In making this finding, the court questioned whether Dr. Mack's September 2003 assessment accurately portrayed Plaintiff's current visual limitations with correction, given the age of that assessment and the fact that Plaintiff has undergone multiple eye-related procedures since then. Under SSR 96-6p, the fact that the ALJ limited Plaintiff to a reduced range of sedentary work makes the extent of Plaintiff's visual limitations all the more important for purposes of determining what types of jobs Plaintiff can perform. Since the VE in this case did not have the opportunity to consider Plaintiff's visual impairments, it is not clear whether Plaintiff would be able to perform all of the jobs the VE identified. Based on the various problems associated with the ALJ's faulty assessment of Plaintiff's visual limitations, the court concludes that the government's position was

not substantially justified. Accordingly, Plaintiff is entitled to attorney's fees under the EAJA.

**B. Whether the Amount of Plaintiff's Attorney's Fees Should be Reduced**

The Commissioner argues, in the alternative, that Plaintiff's award of attorney's fees should be reduced to a more reasonable amount. As noted above, Plaintiff bears the burden to establish that the fees claimed are reasonable, and hours that were not "reasonably expended" must be excluded from the fee calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Plaintiff claims that his "counsel and staff expended 27.8 hours" on this case and submits detailed time-sheets in support of this claim. The Commissioner argues that Plaintiff's claim of 27.8 hours is unwarranted for two reasons: (1) Plaintiff's time-sheets contain numerous entries involving clerical tasks, which should not be billable at an attorney's hourly rate; and (2) Plaintiff's claim for 1.5 hours spent preparing a complaint, a routine task involving boilerplate language, is excessive.[1]

In support of his first argument, the Commissioner claims that Plaintiff has "folded" clerical tasks, such as the "receipt" and "retrieval" of documents, into "individual entries with legitimate attorney work so it is not possible to determine what portion of any given entry was spent on purely clerical work." (Doc. 35, at 6). The Commissioner further requests that the court reduce these entries "by an appropriate amount." The entries to which Defendant appears to refer involve "Receiv[ing] and "Review[ing]" various documents. The court agrees that the receipt of a document may be administrative in nature. But certainly reviewing a document is not likely to amount to a clerical task in every instance, and the court does not find it unreasonable that counsel would spend some time reviewing the various filings that relate to his case. Ideally, Plaintiff's attorney would

---

[1]The Commissioner does not dispute Plaintiff's claimed hourly rate of $175.63. (Doc. 35, at 10-11).

have itemized his time entries more specifically instead of combining arguably clerical tasks with more substantive attorney work. By the same token, however, the Commissioner is not particularly specific about which entries demand reduction or about the amount by which each entry should be reduced. Furthermore, as the Commissioner himself notes, it is difficult to tell how much of each entry represents substantive attorney work, and the Commissioner does not argue that the time spent on these tasks was itself excessive. Thus, the court finds that it is not appropriate to reduce Plaintiff's claimed number of hours on this basis.

The court finds also finds that 1.5 hours spent in preparation of the complaint and other paperwork is not unreasonable under the circumstances of this case. Although Defendant claims that the task of preparing a complaint in a Social Security case is "routine" and the language involved "boilerplate," Plaintiff claims – and the time-sheets confirm – that Plaintiff's attorney expended this time not only in the preparation and review of the complaint, but also in the preparation and review of other paperwork. This paperwork included the summons, civil cover sheet, application to proceed without prepayment of fees, affidavit, and U.S. Marshal forms. While some of this paperwork arguably might be clerical in nature, Plaintiff's attorney notes that he, not his staff, is liable for any mistakes, and he asserts that "NO document leaves this attorney's office without HIS approval." (Doc. 34, at 7-11). Plaintiff further states that his attorney did not represent him in the administrative proceedings below. Given that he was new to the case, it does not seem unreasonable for Plaintiff's attorney to have spent a total of 1.5 hours preparing all the materials necessary to file Plaintiff's claim in the district court. See *Killings v. Comm'r of Soc. Sec.*, 2009 WL 3614956 at *2 (N.D. Ohio Oct. 28, 2009) (finding that 2.7 hours expended "getting up to speed on a case and filing a complaint" was not unreasonable in light of the fact that counsel did not represent the plaintiff during

the administrative process).

### III. CONCLUSION

For the reasons stated above, the Magistrate Judge recommends that Plaintiff's Motion for Attorney's Fees (doc. 34) be GRANTED in the full amount of $4882.51.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: June 7, 2010.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R.72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.